IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

JOHN WILLIAM SCHARNHORST, III                                                                  PLAINTIFF

v.                                    Civil No. 5:22-CV-05218

CHIEF DEPUTY JAY CANTRELL, Washington County Detention Center (WCDC);
MAJOR RANDALL DENZER, WCDC; CAPTAIN NOLAN AKE, WCDC;
CAPTAIN KEVIN EAST, WCDC; LIEUTENANT MIKE ARNOLD, WCDC;
LIEUTENANT AMANDA ARNOLD, WCDC; SERGEANT ALLEN, WCDC;
SERGEANT PINEDA, WCDC; SERGEANT MALONE, WCDC;
SERGEANT WORKMAN, WCDC; SERGEANT BZOSKI, WCDC;
SERGEANT FULLER, WCDC; SERGEANT BYRD, WCDC;
CORPORAL RAINES, WCDC; CORPORAL CORLEY, WCDC;
CORPORAL BENJAMIN VELASCO, WCDC; CORPORAL SMITH, WCDC;
CORPORAL VANDENACK, WCDC; CORPORAL GORDON OCHIENG, WCDC;
CORPORAL TURNER, WCDC; CORPORAL DOMINIC NUMZIATO, WCDC;
CORPORAL TOM MULVANEY, WCDC; DEPUTY EOFF, WCDC;
DEPUTY McLELAND, WCDC; DEPUTY DRUMRIGHT, WCDC;
DEPUTY KRISTOPHER MARTINEZ, WCDC; DEPUTY GRANDADOS, WCDC;
DEPUTY RHODES, WCDC; DEPUTY WHITE, WCDC;
DEPUTY DERSAM, WCDC; DEPUTY HIGDON, WCDC;
DEPUTY TYLER BECK, WCDC; DEPUTY SCHMITT, WCDC;
DEPUTY RAINES, WCDC; DEPUTY BILBREY, WCDC;
DEPUTY PHIPPS, WCDC; DEPUTY EDGE, WCDC;
DEPUTY TATE, WCDC; DEPUTY MONTANO, WCDC;
DEPUTY SELF, WCDC; DEPUTY FRYE, WCDC;
DEPUTY VASILOPOLOUS, WCDC; SGT. LUNSFORD;
SGT. SAM CAUDLE; and SHERIFF TIM HELDER                                                 DEFENDANTS

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff John William Scharnhorst, III, a prisoner,[1] has filed a total of seven civil rights actions in this District related to his pretrial confinement at the WCDC. These cases at are various

---

[1] At the time he filed this Complaint—and the Amended Complaint—Plaintiff was a pretrial detainee at the Washington County Detention Center (WCDC). (ECF Nos. 1 & 11). Since that time, publicly accessible state court records show that he has resolved his Washington County criminal matters and has been transferred to the Benton County Detention Center (BCDC) pending state criminal charges in that county. *See State v. Scharnhorst*, 72CR-21-1768 (Ark. Cir. Ct. Aug. 6, 2021) (AOC); *State v. Scharnhorst*, 04CR-23-136 (Ark. Cir. Ct. Jan. 20, 2023) (AOC).

1

stages of litigation. *See Scharnhorst v. Cantrell et al.*, 5:22-CV-05138-TLB-MEF (W.D. Ark. July 15, 2022); *Scharnhorst v. Helder, et al.*, 5:22-CV-05167-TLB-CDC (W.D. Ark. Aug. 10, 2022); *Scharnhorst v. Cantrell et al.*, 5:22-CV-05176-TLB-CDC (W.D. Ark. Aug. 30, 2022); *Scharnhorst v. Cantrell et al.*, 5:22-CV-05232-TLB-MEF (W.D. Ark. Nov. 28, 2022); *Scharnhorst v. Cantrell et al.*, 5:22-CV-05238-TLB-CDC (W.D. Ark. Dec. 14, 2022); *Scharnhorst v. Cantrell et al.*, 5:22-CV-05243-TLB-CDC (W.D. Ark. Dec. 19, 2022).

After this Court granted Plaintiff's request to proceed *in forma pauperis*, (ECF No. 5), Plaintiff filed his first motion for injunctive relief. (ECF No. 7). Upon preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A(a), this Court directed the Plaintiff to file an amended complaint to address factual and legal deficiencies in the original complaint. (ECF No. 8). Plaintiff then filed his second request for injunctive relief. (ECF No. 9). The Court considered both motions for injunctive relief and recommended that they be denied. (ECF No. 10). The Honorable United States District Judge Timothy L. Brooks adopted the undersigned's recommendation without objection. (ECF No. 13). After submitting his Amended Complaint, (ECF No. 11),[2] Plaintiff filed his third request for injunctive relief. (ECF No. 12), which is before the Court for consideration.

## BACKGROUND

Plaintiff's current motion for injunctive relief requests an order directing Sheriff Tim Helder and his deputies to stop harassing him in retaliation for filing lawsuits and grievances against them. (ECF No. 12 at p. 3). In support of this request, Plaintiff alleges that on December 28, 2022, Deputy Eric Frye ordered him out of his cell and began searching his property without explanation. According to Plaintiff, Deputy Frye removed the following as purported

---

[2] Plaintiff's Amended Complaint is pending review pursuant to 28 U.S.C. § 1915A(a). Upon that review, it will be subject to a separate report and recommendation.

2

"contraband:" the bread he intended to use to make a sandwich, the extra blanket he was using because staff "fail[ed] to keep [him] warm," and the rubber gloves he uses to "protect [himself] from the contamination of feces, vomit, mold, etc." (ECF No. 12 at p. 2). When Plaintiff complained to Deputy Frye, Plaintiff claims that Deputy Frye advised him that Corporal Tom Mulvaney had ordered the search because staff was looking for a tablet. *Id.* Plaintiff contends that searching for a tablet was merely pretext because at the time of the search, all the tablets assigned to his cell block were secured in the charging bank next to the kiosk. *Id.* Plaintiff claims the only reason for the search was to retaliate against him for filing grievances and lawsuits against the WCDC.

Plaintiff further alleges he has filed multiple grievances against Deputy Frye because of his harassing behavior. Plaintiff claims that he refused breakfast on the day Deputy Frye was assigned to his cell bock because he did not want to engage with Deputy Frye, who has a well-documented pattern of harassing him at the direction of Sgt. Pineda. Plaintiff alleges that when Deputy Frye brought him lunch on December 28, 2022, he "hit [him] in the chest with the heavy-duty food tray, saying 'here's your lunch,' and then slammed the door." *Id.* at p. 3.

For the reasons outlined below, the undersigned recommends Plaintiff's request for injunctive relief be denied.

## **LEGAL STANDARD**

Because Plaintiff's lawsuit has not been served on the defendants, Plaintiff is correct to identify his request for injunctive relief as a motion for a temporary restraining order (TRO). Rule 65(b)(1) of the Federal Rules of Civil Procedure governs such motions. Pursuant to that rule,

> [t]he court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if: (A) specific facts in an affidavit or a verified

complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.
Fed. R. Civ. P. 65(b)(1).

In addition to the technical requirements of Rule 65(b)(1), in determining whether to grant a TRO, courts consider the following four factors: (1) the movant's probability or likelihood of success on the merits, (2) the threat of irreparable harm or injury to the movant absent the injunction, (3) the balance between the harm to the movant and the harm that the injunction's issuance would inflict on other interested parties, and (4) whether the issuance of an injunction is in the public interest.[3] *Dataphase Sys., Inc. v. C L Sys., Inc.*, 640 F.2d 109, 114 (8th Cir. 1981) (en banc); s*ee also Minnesota Mining and Mfg. Co. v. Rauh Rubber, Inc.*, 130 F.3d 1305, 1307 (8th Cir. 1997); *Sanborn Mfg. Co., Inc. v. Campbell Hausfeld/Scott Fetzer Co.*, 997 F.2d 484, 485-86 (8th Cir. 1993). "[T]he burden of establishing the propriety of an injunction is on the movant." *Watkins, Inc. v. Lewis*, 346 F.3d 841, 844 (8th Cir. 2003).

## ANALYSIS

Here, the Court need not address the four *Dataphase* factors because Plaintiff's request for injunctive relief is moot. Injunctive relief is an equitable remedy that is "unavailable absent a showing of irreparable injury, a requirement that cannot be met where there is no showing of any real or immediate threat that the plaintiff will be wronged again . . .." *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985) (citing *City of Los Angeles v. Lyons*, 461 U.S. 95, 111 (1983)). Because Plaintiff has been transferred to a different facility, he is no longer subject to the

---

[3] Notably, "the standard for analyzing a temporary restraining order is the same as a motion for a preliminary injunction." *Tumey v. Mycroft Al, Inc.* 27 F.4th 657, 665 (8th Cir. 2022) (explaining the material difference between the two is the allowed duration of such an order).

4

conditions – or the threat of injury – giving rise to his request for injunctive relief.   Accordingly, Plaintiff's request for injunctive relief is moot. *Id.* ("[A] prisoner's claim for injunctive relief to improve prison conditions is moot if he or she is no longer subject to those conditions.").

Further, any concern that Plaintiff may be transferred back to the WCDC is too speculative to establish a basis for injunctive relief. *Smith v. Hundley*, 190 F.3d 852, 855 (8th Cir. 1999) (rejecting argument that prisoner's claim was not moot even though he had been transferred to a different facility because there was a chance that he could be transferred back to the facility where his claims arose).   Plaintiff's transfer to the BCDC has rendered his motion moot.   S*ee Walker v. Bowersox*, 526 F.3d 1186, 1189 (8th Cir. 2008) (prisoner's request for injunctive relief in 42 U.S.C. § 1983 action was mooted by transfer to another facility).

## **CONCLUSION**

For these reasons, it is recommended that Plaintiff's Motion for a Temporary Restraining Order (ECF No. 12) be **DENIED** as **MOOT.**

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 10th day of February 2023.

*Christy Comstock*
CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE